**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37439**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 368 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ZACHARY TYLER JOHNSTONE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for battery on a law enforcement officer enhanced for being a persistent violator, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Zachary Tyler Johnstone appeals from his judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for battery on a law enforcement officer enhanced for being a persistent violator, Idaho Code § 19-2514. On appeal, he challenges only the admission of testimonial evidence relating to his social security number and his birthdate which the State introduced to prove his identity as a persistent violator. We affirm.

## I.

## FACTS AND PROCEDURE

Johnstone, an inmate in the custody of the Idaho Department of Correction (IDOC), was charged with battery upon a law enforcement officer for hitting a correctional officer in the head with his fist. Part II of the Information alleged that Johnstone was a persistent violator. After a

1

jury found Johnstone guilty of the battery charge, the case proceeded to trial on the persistent violator enhancement issue. The State called one witness, Officer Higgins. In response to questioning by the prosecutor, Higgins stated that he was employed by the IDOC and was familiar with Johnstone, whom he identified as being present in the courtroom. Higgins was then asked "Are you also familiar with his social security number?" and he replied "I am." The prosecutor then started to ask: "Is it 519-25 - -" but was interrupted by Johnstone's counsel, who objected on the grounds of hearsay. The district court overruled the objection and the prosecutor then reiterated his question, stating the full social security number, and Higgins replied: "It is." The prosecutor next asked Higgins to confirm Johnstone's date of birth, which he did. The prosecutor then moved to admit State's Exhibit No. 10, which was an authenticated copy of a "penitentiary packet" containing records relating to Johnstone. Johnstone's counsel objected on the ground that a foundation had not been laid for admissibility of the packet. The district court overruled that objection and State's Exhibit No. 10 was admitted. Officer Higgins then identified documents in the packet as certified copies of four judgments of conviction containing Johnstone's full name as the defendant in each case, a recitation of an offender profile for Johnstone reflecting the four judgments, mug shots, and a fingerprint card for Johnstone. All of these documents contained Johnstone's assigned IDOC number and all of the documents, except one of the judgments, contained the social security number and birthdate for Johnstone. At the conclusion of the evidence, the jury found Johnstone to be a persistent violator of the law.

## II.

## ANALYSIS

On appeal, Johnstone raises a single issue. He asserts that the district court erred in overruling his objection when Officer Higgins was asked to confirm Johnstone's social security number because Higgins' answer was hearsay. He argues that the issue also extends to Higgins' answer with respect to Johnstone's birthdate, even though Johnstone did not specifically object to that question and answer. Johnstone does not raise any challenge to the district court's determination that State's Exhibit No. 10, the penitentiary packet, was admissible over Johnstone's lack of foundation objection, nor does he otherwise argue that the evidence was insufficient to support the jury's verdict.

We believe that application of Idaho Rule of Evidence 103 resolves the issue in this appeal. Rule 103 provides, in pertinent part, that "Error may not be predicated upon a ruling

which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . ." Here, because the information concerning Johnstone's social security number, to which his objection was directed, was subsequently provided to the jury as part of State's Exhibit No. 10 (the penitentiary packet) and the admissibility of that exhibit is not challenged on this appeal, the alleged error did not affect a substantial right of Johnstone. The packet included mugshots of the subject inmate, named Johnstone, for the jury to compare to Johnstone's face. The admissibility of penitentiary packets in persistent violator enhancement prosecutions recently was upheld by this Court in *State v. Marsh*, ___ Idaho ___, ___ P.3d ___(Ct. App. Dec. 22, 2011), where, as in this case, the judgments of conviction are duly certified copies and the packet is authenticated as a public record. It has been held that even if hearsay evidence is improperly admitted, the error is harmless when other non-hearsay evidence amply proves the fact related by the objectionable testimony. *State v. Gomez*, 126 Idaho 700, 889 P.2d 729 (Ct. App. 1995). The State ties the evidence together in this case by pointing out that in the first phase of the trial over the battery charge, a handwritten letter from Johnstone to the assaulted officer was admitted in evidence. In this letter, Johnstone apologized to the officer for the incident. The letter was signed by Johnstone, and his assigned IDOC number appeared with his signature. It was the same IDOC number that appeared in State's Exhibit No. 10 on all but the first of the four judgments of conviction, on the mug shots, on his offender profile, and on the fingerprint card located in the penitentiary packet.

We conclude that the alleged error complained of, even if true, was harmless beyond a reasonable doubt in light of this record. *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010).

### III.

### CONCLUSION

The judgment of conviction and enhanced sentence for battery on a law enforcement officer is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

3